Alfaro Perez v. Garland

BIA
Nelson, IJ
A209 440 119

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand twenty-three.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

SANTOS E. ALFARO PEREZ,
> *Petitioner,*

v.                                        20-4044
                                          NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Bruno Joseph Bembi, Hempstead, NY.

**FOR RESPONDENT:**     Brian M. Boynton, Acting Assistant Attorney General; Jonathan Robbins, Senior Litigation Counsel; Andrew B. Insenga, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Santos E. Alfaro Perez, a native and citizen of El Salvador, seeks review of a November 10, 2020 decision of the BIA affirming an August 28, 2018 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Santos E. Alfaro Perez,* No. A 209 440 119 (B.I.A. Nov. 10, 2020), *aff'g* No. A 209 440 119 (Immigr. Ct. N.Y. City Aug. 28, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified by the BIA, considering only whether Alfaro Perez established that the Salvadoran government is unable or unwilling to protect her or would acquiesce to her torture. *See Xue Hong Yang v. U.S.*

2

*Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review factfinding for substantial evidence and questions of law and the application of law de novo. *Scarlett v. Barr*, 957 F.3d 316, 326 (2d Cir. 2020). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

For asylum and withholding of removal, Alfaro Perez had the burden to show past persecution or a well-founded fear or likelihood of future persecution. *See* 8 C.F.R. §§ 1208.13(a)-(b), 1208.16(b)(1)-(2).[1] "To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Singh v. Garland*, 11 F.4th 106, 114 (2d Cir. 2021) (internal quotation marks omitted). "Under the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they

---

[1] Citations are to the version of the regulations in effect at the time of the agency's decisions.

3

did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims." *Id.* at 114–15 (internal quotation marks omitted). Similarly, for CAT relief, Alfaro Perez had the burden to show that she would "more likely than not" be tortured "at the instigation of, or with the consent or acquiescence of, a public official . . . or other person acting in an official capacity." 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Id.* § 1208.18(a)(7).

Alfaro Perez testified that during a six-year relationship, her former domestic partner beat her when he drank, raped her, resulting in her first pregnancy, and threatened to kill her. She left him when he threw a knife at her, and he was arrested and detained for three days after her mother called the police. When he continued to seek her out and threaten her, she obtained a two-year order of protection from a Salvadoran court. Her former partner found

4

her after that order expired. She believes he killed her new partner, but she never reported that suspicion or further threats to the authorities. He stopped trying to see her after she moved a half hour away, but she believes he called her and threatened to kill her.

The fact that her former partner was arrested, detained, and later subject to a two-year restraining order undermines Alfaro Perez's claim that the Salvadoran government is "unwilling or unable" to protect her. Given this evidence that the authorities reacted each time she complained, that her former partner did not violate the order of protection while it was in place, and that she did not report his later actions to the authorities, she has not demonstrated that the government would refuse to or be unable to help her or that government officials would more likely than not acquiesce to her torture. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("Absent solid support in the record . . . [an applicant's] fear is speculative at best.").

5

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court